**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EMPIREMED, LLC,** *Plaintiff,* | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **RACHEL GREENAN,** ***et al.*****,** *Defendants.* | : | **No. 25-cv-4893** |

**MEMORANDUM**

**KENNEY, J.** **August 6, 2026**

The Court writes for the benefit of the parties and assumes familiarity with the facts of the case. Previously, Plaintiff EmpireMED LLC moved the Court for an Order compelling Defendants Precision Medical Products ("Precision"), Alyssa Vera, and Rachel Greenan to comply with its outstanding Discovery Demands. ECF No. 104. The Court granted the Motion to Compel (ECF No. 104) as to Defendants Precision (ECF No. 105), Vera (ECF No. 106), and Greenan (ECF No. 109). The Court permitted Plaintiff to supplement its Motion to Compel on the issue of attorneys' fees. ECF Nos. 105–07. After supplementing its Motion to Compel on the issue of Attorneys' Fees (ECF No. 112), Plaintiff now seeks $2,846.50 in attorneys' fees. *Id.* For the reasons set forth below, this Court will **GRANT** Plaintiff's Motion for Attorneys' Fees and **AWARD** Plaintiff $2,846.50 in attorney's fees.

## I. DISCUSSION

The Party who brings and wins a Motion to Compel may be entitled to reasonable attorneys' fees incurred in filing the Motion. *See* FED. R. CIV. P. 37. Rule 37 provides in relevant part:

> (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party

> or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

*Id.*

None of the exceptions delineated by Rule 37 apply. Plaintiff *and the Court* has been heavily involved in attempting to gain Defendants' compliance with Plaintiff's discovery demands. Plaintiff has made good faith attempts to obtain this discovery. Defendants have repeatedly failed to produce timely and complete responses to Plaintiff's discovery demands. These repeated failures to make full, timely disclosures and/or responses were not substantially justified. Therefore, the Court finds that an award of attorneys' fees is the appropriate sanction. Accordingly, the Court must determine whether the requested award of attorneys' fees is reasonable.

**A. Lodestar Calculation**

When determining whether a request for attorneys' fees is reasonable in a particular case, courts "use the 'lodestar' formula, which requires multiplying the number of hours reasonably expended by a reasonable hourly rate." *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001) (citations omitted). Here, Defendants have not responded to contest whether or not the hours expended or the hourly rate(s) requested are *reasonable*. However, it is the movant who carries the burden to establish that "its request . . . is reasonable." *Clemens v. N.Y. Cent. Mut. Fire Ins. Co.*, 903 F.3d 396, 400 (3d Cir. 2018) (alteration in original) (citation omitted). So, the Court will

subject Plaintiff's request for attorneys' fees to the same level of scrutiny that it would if Defendants *had* opposed the request. *See id.*

**1. Reasonable Hourly Rate**

*First*, the Court must determine if Plaintiff's counsel's requested hourly rates are reasonable.

Within the Third Circuit, district courts apply the "forum-rate" rule. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 705 (3d Cir.) ("We therefore hold that district courts in the Third Circuit should award attorney fees based on the "forum rate" rule[.]), *as amended*, (3d Cir. 2005). Under the "forum-rate" rule, the "relevant rate for calculating attorney fees is the prevailing rate in the forum of the litigation." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.* ("*Interfaith Cmty. Org. II*"), 726 F.3d 403, 413 (3d Cir. 2013) (internal quotation marks and citations omitted). Courts within the Eastern District of Pennsylvania rely upon the "the fee schedule established by Community Legal Services, Inc. ("CLS")" as "a fair reflection of the prevailing market rates in Philadelphia." *Maldonado*, 256 F.3d at 187 (cleaned up).

The CLS provides the following schedule of attorney hourly rates:

| | |
|---|---|
| Attorneys post-law school experience under 2 years | $235-260 |
| Attorneys 2-5 year's experience | $265-315 |
| Attorneys 6-10 year's experience | $320-415 |
| Attorneys 11-15 year's experience | $420-525 |
| Attorneys 16-20 year's experience | $535-625 |
| Attorneys 21-25 year's experience | $630-715 |
| Attorneys more than 25 year's experience | $735-850 |
| Law Students | $140-190 |
| Paralegal 1-10 years experience | $190-240 |

| | |
|---|---|
| Senior and Supervisory Paralegal | $245-285 |

Community Legal Services Attorney Fees Schedule (updated January 19, 2023), available at https://clsphila.org/about-community-legal-services/attorney-fees/. These ranges of hourly rates, shown above, correspond to the respective experience and education level of the attorney and/or paralegal working on the file. Thus, to determine whether the requested hourly rates of Plaintiff's attorneys are reasonable, the Court must compare them to the applicable CLS rates. *See Maldonado*, 256 F.3d at 187 (citations omitted).

Here, Attorney Krause's requested hourly rate is $695 per hour and Attorney Wigglesworth's requested hourly rate is $595 per hour. While Plaintiff has not provided the Court with much detail as to the relative experience levels of either of its attorneys, the Court is not without its own resources. The Court can quickly locate this information by means of searching the Supreme Court of Pennsylvania's attorney database. Attorney Krause was admitted to the practice of law in the Commonwealth of Pennsylvania in November 2004. *See* Krause, Jonathan Spells, The Disciplinary Board of the Supreme Court of Pennsylvania, *https://www.padisciplinaryboard.org/for-the-public/find-attorney/attorney-detail/93817* (last accessed July 22, 2026). Accordingly, based on Attorney's Krause's approximately 21 years of experience, the CLS hourly rate ranges between $630–715 per hour. Similarly, Attorney Wigglesworth was admitted in November 2012 and has approximately 13 years of experience. *See* Wigglesworth, Catherine Vera, The Disciplinary Board of the Supreme Court of Pennsylvania, https://www.padisciplinaryboard.org/for-the-public/find-attorney/attorney-detail/314557 (last accessed July 22, 2026). Accordingly, for Attorney Wigglesworth's experience level the CLS hour rate ranges between $420–525.

After comparing Plaintiff's attorneys' hourly rates to the applicable CLS rates, Attorney

Krause's hourly rate of $695 falls within the CLS range provided for attorneys with between 21 and 25 years of experience. The Court finds no reason to depart from the CLS range. Accordingly, the Court will credit Attorney Krause's attorney hours at his request hourly rate of $695 per hour.

Attorney Wigglesworth's hourly rate of $595, by contrast, exceeds the applicable CLS range provided for attorneys with between 11 and 15 years of experience. The Court notes, that like other areas of the law that require specialized legal expertise, *see, e.g.*, *Rayna P. v. Campus Cmty. Sch.*, 390 F. Supp. 3d 556, 565 (D. Del. 2019) (concluding that "in the special education context, several courts have recognized that the CLS Schedule may well understate the expertise of practitioners" (collecting cases)), the instant case arises under the federal trade secrets law and state law, including crossclaims for defamation, violation(s) of an employment agreement and restrisctive covenants that requires specialized expertise. Like Attorney Krause, Attorney Wigglesworth has extensive experience litigating in federal district courts. *See* Catherine V. Wigglesworth, Klehr Harrison Harvey Branzburg LLP, https://klehr.com/people/catherine-v-wigglesworth/ (last accessed July 22, 2026). After accounting for her relative experience, the Court finds that Attorney Wigglesworth's corresponding CLS range "understates" the value of her work. Accordingly, the Court does not find that Attorney Wigglesworth's slight upward departure from the CLS range is unreasonable. *See, e.g.*, *A.L.L. v. Lab'y Charter Sch.*, 815 F. Supp. 3d 343, 356 n.9 (E.D. Pa. 2025) (Murphy, J.) (concluding that specialized experience justified granting fees based in part on a paralegal's hourly that was slightly higher than the CLS benchmark). Accordingly, the Court will credit Attorney Wigglesworth's attorney hours at her requested hourly rate of $595 per hour.

**2. Reasonable Hours Worked**

*Next*, the Court must determine if the *number of hours worked* by Plaintiff's counsel on the

Motion to Compel (ECF Nos. 104, 112) is reasonable.

In calculating the hours reasonably expended, a court should "review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described[.]" *Maldonado*, 256 F.3d at 184 (citation omitted). Courts may exclude billing entries are "excessive, redundant, or otherwise unnecessary." *McKenna v. City of Philadelphia*, 582 F.3d 447, 455 (3d Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Courts may also reduce or strike hours that are insufficiently descriptive or involve "block bill[ing]" instead of "itemiz[ing] each task individually." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007).

Here, Plaintiff requests an award of attorneys' fees in the amount of $2,846.50 for 4.7 hours of attorney work. These hours were completed by two partners of the law firm Klehr Harrison Harvey Branzburg LLP. Attorneys Jonathan S. Krause and Catherine V. Wigglesworth are co-lead counsel on the case. Both attorneys have represented Plaintiff since the lawsuits' s inception.

Upon review, the Court finds that a total of 4.7 hours spent in connection with briefing the Motion to Compel (ECF No. 104) and supplementing it as to the issue of attorneys' fees (ECF No. 112) is reasonable. Accordingly, the Court will credit Plaintiffs' counsel with 4.7 total attorney hours.

**3. Total**

*Finally*, the Court refers to the lodestar calculation itself. The Court has determined that it was satisfied that Plaintiff's counsel's hourly rates are reasonable and that the number of hours Plaintiff's counsel each spent on the Motion to Compel (ECF No. 104) was reasonable, *supra* Parts I(A)(1)–(2). Accordingly, Plaintiff's request for attorneys' fees award request of $2,846.50 (comprised of 0.5 attorney hours by Attorney Krause multiplied by his hourly rate of $695, plus

4.2 attorney hours by Attorney Wigglesworth multiplied by her hourly rate of $595) is "presumed to be the reasonable fee to which counsel is entitled." *See Maldonado*, 256 F.3d at 184 (presuming total calculation reasonable when movant has carried his or her burden to show that attorney rate and hours were reasonable (citations omitted)).

## II. CONCLUSION

For the foregoing reasons, Plaintiff EmpireMED LLC's Motion for Attorneys' Fees (ECF No. 112) in connection with its Motion to Compel (ECF No. 104) will be **GRANTED**. The Court will award Plaintiff EmpireMED LLC $2,846.50 in attorneys' fees. An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**